# EXHIBIT A

STATE COURT FILINGS

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NO.: 2020-CP-26-_____ |
| Tehila, LLC, ) | |
| Plaintiff, ) | |
| vs. ) | **SUMMONS** |
| ) | (JURY TRIAL DEMANDED) |
| Certain Underwriters at Lloyds, London ) | |
| (Contract No. B0621P33099417) ) | |
| Defendant. ) | |

TO:     DEFENDANT NAMED ABOVE:

YOU ARE HEREBY SUMMONED and required to Answer to the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the undersigned, David J. Gundling, of Bellamy, Rutenberg, Copeland, Epps, Gravely, & Bowers, P. A., 239 Business Center Drive, Post Office Drawer 2547, Pawleys Island, South Carolina, 29585, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to reply to the Complaint within the time aforesaid, judgment for default will be rendered against you for the relief demanded in the Complaint.

**BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A.**

s/David J. Gundling
David J. Gundling
S.C. Bar No.: 002361
Attorneys for Plaintiff
Post Office Drawer 2547
Pawleys Island, SC 29585
Pawleys Island, SC     Telephone: (843) 237-3400
August 10, 2020     dgundling@bellamylaw.com

ELECTRONICALLY FILED - 2020 Aug 24 12:56 PM - HORRY - COMMON PLEAS - CASE#2020CP2604891

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE 15TH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | CASE NO.: 2020-CP-26-_____ |
| | | |
| Tehila, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | *(Breach of Contract and Insurance Bad Faith* |
| Certain Underwriters at Lloyds, | ) | *and Improper Claim Practices)* |
| London | ) | (JURY TRIAL DEMANDED) |
| (Contract No. B0621P33099417, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendants, will respectfully show this Honorable Court that:

## PARTIES

1.  Plaintiff is a limited liability corporation duly organized and existing under the laws of the State of South Carolina which, at all times material hereto, was doing business in Horry County, South Carolina.

2.  Upon information and belief, Defendant Underwriters at Lloyds, London Westchester (Contract No. B0621P33099417) [hereinafter "Insurer"], an eligible surplus lines insurer registered with the South Carolina Department of Insurance (Company Code # 15792) with an address of 180 West Madison Street, Chicago, IL 60602.

## JURISDICTION AND VENUE

3.  Plaintiff reiterates the allegations contained in above as if repeated verbatim herein.

4.  Upon information and belief, Insurer is registered by the South Carolina Insurance Commissioner as a surplus lines carrier to enter into insurance contracts within the State of South

Carolina and is subject to South Carolina insurance statutes and regulations.

5. Insurer entered into a contract of insurance with the Plaintiff that was to be performed in whole or in part in Horry County, South Carolina. The contract of insurance in set forth in that certain Policy described below.

6. The Plaintiff incurred loss and damage to the Loss Location as defined below, as a result of high winds, rain and torrential rain caused by Hurricane Florence on or about September 14, 2018.

7. The Insurer denied the insurance claim filed by the Plaintiff.

8. Upon information and belief, the Insurer breached the insurance contract between Insurer and the Plaintiff entered into in Horry County South Carolina and other claims accrued against the Insurer in Horry County, South Carolina.

9. Pursuant to the Service of Suit Endorsement of the Policy, as described below, service of suit may be made upon Mendes & Mount, LLP, 750 Seventh Avenue, New York, NY 10019-6829 and further the Insured designates the Commissioner of the South Carolina Department of Insurance as the Insured's true and lawful attorney upon who may be served any lawful process in any action, suit or proceeding.

10. As a result of the foregoing, this Court has personal jurisdiction over the Insurer.

11. This Court has subject matter jurisdiction and venue is proper in Horry County, South Carolina.

## GENERAL ALLEGATIONS

12. The Plaintiff reiterates the allegations contained above as if repeated verbatim herein.

13. At all times material hereto, Plaintiff owned real property and leased the same, located

at 4122 Main Street, Loris, SC 29569 [hereinafter the "Loss Location"].

14.     On or about September 14, 2018 high winds and torrential rain resulting from Hurricane Florence, caused severe damage to the roof on the Loss Location that the Plaintiff was leasing and business personal property of the Plaintiff located in the Loss Location.

15.     At the time of Hurricane Florence, the Plaintiff had in effect Commercial Insurance Policy Number ISPSU100130 with the Insurer [the "Policy"] which included insurance limits for the building in the amount of $500,000.00.

16.     The effective dates of the Policy were January 11, 2018 to January 11, 2019.

17.     The Plaintiff was the named insured on the Policy.

18.     The Plaintiff timely filed a claim and the Insurer opened the claim under claim number PIB923516. The Insurer engaged an independent adjuster, Jeffrey Hoffman with Peninsula Insurance Bureau and SEA, Ltd. [hereinafter "SEA"] to assist in investigating the loss.

19.     The Plaintiff retained Zevuloni & Associates, a public adjuster, and Don Antol with Antol Consultants, to assist the Plaintiff in adjusting the loss.

20.     The Plaintiff filed a Sworn Statement in Proof of Loss dated May 31, 2019 with the Insurer in the amount of $332,385.00. The Insurer rejected the Proof of Loss by letter dated June 18, 2019.

21.     The Plaintiff will show that it purchased the Loss Location on 12/16/2016. Pursuant to the7th Amendment to Lease with Citi Trends, Inc. dated 6/12/2017, Citi Trends continued its lease on the Loss Location that existed since at least 2002. Citi Trends has approximately 579 properties nationwide. At the time that the Plaintiff purchased the Loss Location the roof was in good condition and no leaks existed. On 7/7/2017 the Plaintiff installed a new heat pump. There were three other units on the roof. Citi Trends, as tenant, was meticulous in notifying the Plaintiff of any maintenance

issues. On 7/9/2018 Citi Trends issued a Work Order on a plumbing issue in the restrooms, that was actually a tenant responsibility. Prior to Hurricane Florence, City Trends never issued a work order to the Plaintiff requesting the repair of the roof or roof leaks. On 9/14/2018 Hurricane Florence hit the area. In addition to a HVAC cover that was blown off its mountings causing tears to the roof, and the electric pole being bent by the high winds, other debris caused tears in the roof causing leaks into the interior of the Loss Location. On or about 9/20/18 Emergency Restoration Services Team, Inc., on behalf of the Plaintiff, installed drying equipment at the Loss Location that were performed over 5 days reducing the moisture level from 50 to 0.7. On 9/26/2018, Citi Trends issued a work order stating "The store has multiple leaks over the sales floor and the stockroom. Please can you visit the store and see all the areas that it is leaking, this way the roofers have a thorough understanding of all the areas that need to be fixed. Also, please replace any damage ceiling tile caused by these roof leaks." Shortly thereafter the Plaintiff made provisional roof repairs. On 10/3/2018 Zevuloni and Associates made its initial inspection and followed up on 10/20/20 taking pictures. On 1/23/2019 Emergency Restoration Services sent its bill for $18,714.00. Due to damage to the electric pole on the roof caused by the Hurricane, water became trapped between the roof membrane and the underlying structure that continued to leak in the area of the electric panel On 2/11/2019, Citi Trends issued another work order complaining of leaking onto electrical panel inside the Loss Location and provisional repairs were made shortly thereafter by the Plaintiff. It was not until 2/27 2019 that SEA issued its report claiming that none of the leaking was due to the Hurricane but stating that a metal awning at the Loss Location was pulled up by high winds associated with the hurricane. On 3/18/2019, the Insurer denied the Plaintiff's claim stating that the only storm damage was the metal awning. On 5/29/2019 Zevuloni & Associates, on behalf of the Plaintiff, submitted to the Insurer a damage repair estimate of $337,385.40 and on 5/31/2019 the Plaintiff executed a Sworn Statement in

Partial Proof of Loss in the amount of $332,385.00. By letter dated 6/18/2019 Peninsula, on behalf of the Insurer, rejected the Proof of Loss. The Insurer conducted examinations under oath of the Plaintiff on 11/21/2019 and 2/14/2020. A pre-suit mediation was unsuccessful.

22. The Policy provides an appraisal provision as follows:

> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

23. On 3/20/19, Zevuloni & Associates demanded an appraisal under the terms of the Policy. On 4/1/2019, Peninsula on behalf of the Insurer rejection of demand for appraisal. Since the insurer has refused to participate in an appraisal, the Plaintiff is informed and believe that the Insurer does not dispute the value of the appraisal as presented by the Plaintiff. Upon information neither the Insurer nor its adjuster performed an appraisal of the building damage that is evidence of the fact that the Insurer never intended to adjust the Plaintiff's claim in good faith and pursuant to the terms of the Policy.

24. Upon information and belief, Insurer failure to investigate, appraise and adjust all claims in this matter pursuant to the terms of the Policy and failure to agree to an appraisal required

ELECTRONICALLY FILED - 2020 Aug 24 12:56 PM - HORRY - COMMON PLEAS - CASE#2020CP2604891

under the terms of the Policy, is an attempt to delay payment required under the Policy.

25. This failure by the Insurer has resulted in unfair and unreasonable delays in the settlement of the Plaintiff's claims while allowing the Insurer the continued use of insurance proceeds which are rightly due and payable to the Plaintiff.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT AGAINST INSURER

26. The Plaintiff reiterates the allegations contained above as if repeated verbatim herein.

27. At all times material hereto, the Plaintiff had contracts of insurance with Insurer. The Plaintiff made claims to the Insurer for payment of its building and personal property. The claims were properly made under the "Loss Payment" provisions of the Policy which required the Insurer to pay the value of the loss. Upon information and belief, Insurer failed to honor the terms of its contracts of insurance with the Plaintiff in several particulars, including, but not limited to, the following:

    a. In failing to pay any of the building claim of the Plaintiff;

    b. In failing to pay any of the business personal property claim of the Plaintiff;

    c. In failing to pay for all of the damages suffered by the Plaintiff which was included under the terms of its Policy;

    d. In failing to comply with the appraisal provision of the Policy; and

    e. In failing to adjust the claim under the primary coverage.

28. The Plaintiff is informed and believes that the Insurer breached its contract of insurance with the Plaintiff and as a result the Plaintiff is entitled to receive all benefits under their Policy and the Plaintiff is entitled to judgment against the Insurer for actual and consequential plus pre-judgment interest in an amount to be proved at the trial of this case.

ELECTRONICALLY FILED - 2020 Aug 24 12:56 PM - HORRY - COMMON PLEAS - CASE#2020CP2604891

## FOR A SECOND CAUSE OF ACTION
## BAD FAITH REFUSAL TO PAY BENEFITS DUE AGAINST INSURER

29.  The Plaintiff reiterates the allegations contained above as if repeated verbatim herein.

30.  At all times material hereto, there existed a mutually binding contract of insurance between Plaintiff and the Insurer.

31.  The Plaintiff performed all conditions precedent as required by the Policy for filing a claim and receiving benefits, but Insurer has refused to pay all benefits required under its contract of insurance.

32.  The Plaintiff alleges that the actions of the Insurer in its unreasonable delay and refusal to make payment, provide strong support for a claim of insurance bad faith. The Plaintiff alleges that the Insurer unreasonably failed to process a valid claim in willful or reckless disregard of the Plaintiff's rights under the Policy.

33.  As a result of the foregoing, the Plaintiff is informed and believes that it is entitled to a judgment against the Insurer for actual, consequential and punitive damages and pre-judgment interest in an amount to be proved at the trial of this case.

## FOR A THIRD CAUSE OF ACTION
## IMPROPER CLAIM PRACTICES AGAINST INSURER

34.  The Plaintiff reiterates the allegations contained above as if repeated verbatim.

35.  The Plaintiff is informed and believes that Insurer has violated S.C. Code Annotated §38-59-20 in several particulars, including, but not limited to the following:

   a.  Knowingly misrepresenting to Plaintiff pertinent facts or Policy provisions relating to coverage at issue or providing misleading information with respect to coverages;

   b.  Failing to adopt and implement reasonable standards for the prompt investigation settlement of claims;

c. Not attempting in good faith to effect prompt, fair and equitable settlement of claims submitted to it in which liability has become reasonable clear;

d. Compelling Policy holders to institute suites to recover amounts reasonably due or payable with respect to claims arising under its Policy by offering substantially less than is due;

e. Offering to settle claims for an amount less than the amount otherwise reasonably due or payable based on the possibility or probability that the Policy holder would be required to incur attorney's fees to recover the amount reasonably due or payable;

f. Invoking or threatening to invoke Policy defenses not in good faith and with reasonable expectation of prevailing with respect to the Policy defense; and

g. Other practices which constitute an unreasonable delay in paying or an unreasonable failure to pay or to settle in full claims arising under coverages provided in its Policy.

36. The Plaintiff is informed and believes that the refusal to pay all allowable benefits was without reasonable cause or in bad faith and in violation of South Carolina statutory law.

37. The Plaintiff is informed and believes that Insurer has improperly refused to pay insurance benefits due without reasonable cause and in bad faith and as result the Plaintiff is informed and believes that it is entitled to judgment against the Insurer in the amount actual damages plus reasonable attorney's fees, pre-judgment interest and costs in this matter.

## FOR A FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
## AGAINST INSURER

38. The Plaintiff reiterates the allegations contained above as if repeated verbatim herein.

39. Insurer has an implied duty to exercise good faith and fair dealing in its relationship with Plaintiff.

ELECTRONICALLY FILED - 2020 Aug 24 12:56 PM - HORRY - COMMON PLEAS - CASE#2020CP2604891

40.     Insurer had and continues to have an obligation to exercise good faith, fair dealing and reasonable care in honoring its insurance contract with the Plaintiff. Insurer has breached its duty in several regards as set forth above.

41.     Based on the foregoing, the Plaintiff is informed and believe that the Insurer has breached its implied obligation of good faith and fair dealing and, as a result, the Plaintiff is entitled to judgment in the amount of actual and consequential damages and pre-judgment interest in an amount to be proved at the trial of this case.

WHEREFORE, the Plaintiff respectfully requests the following relief:

A.     Judgment against Defendant in an amount to be proved at the trial of this case including actual damages, consequential damages, punitive damages and attorney's fees;

B.     Prejudgment interest at the statutory rate from the date determined to be the reasonable time period for payment of the claim; and

C.     For such other and further relief as this Court may deem just and proper.

**BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A.**

s/David J. Gundling
David J. Gundling
S.C. Bar No.: 002361
Attorneys for Plaintiff
Post Office Drawer 2547
Pawleys Island, SC 29585
Telephone: (843) 237-3400
dgundling@bellamylaw.com

Pawleys Island, SC
August 10, 2020

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF HORRY ) <br> ) <br> Tehila, LLC ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Certain Underwriters at Lloyds, ) <br> London, ) <br> (Contract No. B0621P33099417) ) <br> ) <br>     Defendant. ) | IN THE COURT OF COMMON PLEAS <br> FIFTEENTH JUDICIAL CIRCUIT <br> CASE NO.: 2020-CP-26-04891 <br><br> **AFFIDAVIT OF SERVICE** <br> **BY CERTIFIED MAIL** |

Personally appeared before me, the undersigned, who being duly sworn states the following:

I, Melissa Delldonna, an employee of BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A. do hereby attest that I served a copy of the ***Summons and Complaint*** on August 25, 2020 on the party listed below by sending it Certified Mail Return Receipt to South Carolina Department of Insurance, Attention: Steven R. DuBois, P.O. Box 100105, Columbia, SC 29202. Please also find attached the Return Receipt that has been signed by Stacy Geiger on September 2, 2020.

FURTHER THE AFFIANT SAYETH NOT.

_____
Melissa Delldonna
Paralegal

SWORN to before me this
8th day of September, 2020

_____
Notary Public for South Carolina
My Commission Expires: 8/12/2025



September 8, 2020
Pawleys Island, South Carolina

ELECTRONICALLY FILED - 2020 Sep 10 8:57 AM - HORRY - COMMON PLEAS - CASE#2020CP2604891

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee  $ 3.55

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ 2.85
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage  $ 1.80
Total Postage and Fees  $ 8.20

Postmark Here — AUG 3[1] 2020

Sent To: SC Department of Insurance
Attn: Steven R. Du Bois
Street and Apt. No., or PO Box No.: P.O. Box 100105
City, State, ZIP+4®: Columbia, SC 29202

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Article number: 7019 2940 0000 9646 0420

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SC Department of Insurance
Attn: Steven R. Du Bois
P.O. Box 100105
Columbia, SC 29202

9590 9402 5868 0038 7013 12

2. Article Number (Transfer from service label)
7019 2970 0000 9646 0420

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *Stay Geiger*    ☐ Agent    ☐ Addressee

B. Received by (Printed Name): STACY GEIGER      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

# USPS Tracking®

FAQs >

ELECTRONICALLY FILED - 2020 Sep 10 8:57 AM - HORRY - COMMON PLEAS - CASE#2020CP2604891

Track Another Package +

Remove ✕

**Tracking Number:** 70192970000096460420

Your item was delivered at 7:16 am on September 2, 2020 in COLUMBIA, SC 29202.

## ✓ Delivered

September 2, 2020 at 7:16 am
Delivered
COLUMBIA, SC 29202

Get Updates ⌄

---

Text & Email Updates                                                    ⌄

---

Tracking History                                                        ⌄

---

Product Information                                                     ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.