IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tehila, LLC, | ) | Case No.: 4:20-cv-03500-JD |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Certain Underwriters at Lloyd's London | ) | **ORDER** |
| (Contract No. B0621P33099417), | ) | |
|         Defendant. | ) | |
| | ) | |

      This is a breach of contract action arising out of property damage to a commercial building owned by Plaintiff Tehila, LLC ("Tehila" or "Plaintiff") and insured by Defendant Certain Underwriters at Lloyd's London (Contract No. B0621P33099417) ("Defendant" or "Lloyd's"). Although initially brought in State Court, Defendant removed this action to this Court on October 2, 2020. (DE 1.) On March 21, 2022, this Court granted a motion to withdraw as Plaintiff's counsel.[1] Plaintiff was equally advised that as a limited liability company it could not proceed *pro se* and must obtain counsel by April 20, 2022, and further advised that failure to obtain counsel by April 20, 2022, may result in sanctions and/or dismissal of this action. (DE 29.) Thereafter, Tehila submitted a letter to the Court requesting an extension of time to obtain counsel, and the Court granted Tehila until May 10, 2022, to obtain counsel. (DE 34.)

      While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. "Courts [] have interpreted this section to preclude a corporation from appearing through a lay representative." Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (collecting cases); see also Ashbaugh v. Corp. of Bolivar, 481 F. App'x 840 (4th Cir. 2012) (citing Rowland v. Cal. Men's

---

[1] Plaintiff's counsel in this matter was placed on interim suspension from the practice of law by Order of the South Carolina Supreme Court.

1

Colony, 506 U.S. 194, 202 (1993)). The May 10, 2022, deadline for Plaintiff to obtain counsel has passed, Plaintiff has failed to comply with an order of the Court, and Plaintiff has failed to prosecute this case, and accordingly, the Court dismisses this action. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (finding the district court had authority under Rule 41(b) to dismiss the case on its own motion for failure to prosecute); see also Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (4th Cir. 1998) (Table) (finding district court did not abuse its discretion in entering default judgment against defendant corporation that failed to comply with the court's order to obtain counsel). Accordingly, after reviewing the record of this matter and the applicable law, the Court dismisses this action pursuant to Rule 41(b).

Nevertheless, dismissal for failure to obtain counsel is premised on the rule that, because it is not a natural person, a corporation may not proceed without counsel. See Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). Under this rule, even the sole owner of a corporation may not act as "pro se" counsel for the corporation because the owner and corporation are legally distinct "persons." Given the owner's lack of legal authority to act as "pro se" counsel for the corporation, it is questionable whether the corporation may be penalized by dismissal of its claims with prejudice where the only basis for dismissal is the failure to obtain counsel.

Therefore, the Court dismisses the action *with prejudice* as to filing a new action relating to the same claims (on behalf of the corporation) *without counsel*. Dismissal is *without prejudice as* to filing a new action relating to the same claims *through counsel*. However, if Plaintiff does file a new action, Defendant may seek any resulting duplicative costs and expenses including attorney's fees incurred in this action.

**AND IT IS SO ORDERED.**

June 6, 2022
Greenville, South Carolina

Joseph Dawson, III
United States District Judge